**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

**BALTIMORE DIVISION**

**ROBERT HERRING,**

*Plaintiff, Pro Se and In Forma Pauperis,*

v.

**MIRIAN LISSETTE NOVOA CORNEJO,**

*also known as Mirian Novoa (DOB: 4/8/81, ITIN ending 9933),*

**SUZANNE DAWN RYAN,**

**ELIZABETH ANN TELLO,**

**M&M PROFESSIONAL CLEANING, LLC,**

**SUZANNE RYAN LAW, LLC,**

**TELLO LAW LLC,**

*Defendants.*



FILED ____ ENTERED
LOGGED ____ RECEIVED

JUL 2 2 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Civil Action No. ABA 25 CV 2382

(*JURY TRIAL DEMANDED*)

**EMERGENCY VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**WITH MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

**PURSUANT TO RULE 65(b) - TIME SENSITIVE**

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT**

**II. JURISDICTION AND VENUE**

**III. PARTIES**

**IV. ENHANCED ANTI-RETALIATION PROVISIONS**

**V. STATEMENT OF FACTS**

**VI. PATTERN OF RACKETEERING ACTIVITY**

**VII. COUNTS FOR RELIEF**

**VIII. PRAYER FOR RELIEF**

**IX. VERIFICATION**

**X. TEMPORARY RESTRAINING ORDER REQUEST**

**XI. CERTIFICATE OF SERVICE**

## I. PRELIMINARY STATEMENT

This is a Verified Civil RICO action brought by Plaintiff Robert Herring, a 46-year-old United States citizen, military veteran, and primary caregiver to four elderly relatives, against his estranged spouse Mirian Lissette Novoa Cornejo, her legal counsel, and their affiliated entities. Defendants have engaged in an ongoing, multi-state, attorney-facilitated criminal enterprise that has systematically destroyed Plaintiff's business, looted joint assets, falsified legal filings, and weaponized the judicial system in violation of federal and state law.

The criminal enterprise consists of an association-in-fact including Defendant Novoa, M&M Professional Cleaning LLC, and their network of associates operating across Maryland, Delaware, Virginia, and El Salvador. Defendants Ryan and Tello, as licensed attorneys operating through their respective law practices, conducted the affairs of this enterprise through coordinated legal manipulation, ghostwritten pleadings, and systematic court abuse.

Defendants' racketeering activity spans Maryland, Delaware, Washington, D.C., Virginia, and El Salvador, and includes predicate acts of bank fraud, wire fraud, mail fraud, tax evasion, identity theft, computer fraud, immigration fraud, obstruction of justice, and extortion, among others. This enterprise has used the cover of a sham divorce to further its criminal objectives, manipulating both state and federal legal systems in a pattern of retaliation, intimidation, and concealment.

**EMERGENCY APPOINTMENT OF COUNSEL:** Due to the complexity of this federal RICO action, the sophisticated nature of Defendants' legal representation, and Plaintiff's indigent status, Plaintiff respectfully requests immediate appointment of qualified counsel and Court supervision of all legal representation to ensure fair proceedings and prevent manipulation of federal law.

**RESERVATION OF RIGHTS:** Plaintiff expressly reserves the right to amend this complaint to increase damages based on discovery of additional misconduct, identification of additional

defendants, or revelation of further criminal conduct. The damages sought herein represent minimum recovery based on presently known facts, and Plaintiff is not limited to these amounts upon discovery of additional evidence of enterprise criminal activity or continued violations of court orders.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964(c) (civil RICO), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights violations under 42 U.S.C. § 1983). Supplemental jurisdiction is proper over related state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the District of Maryland, Baltimore Division under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, and because the Defendants either reside in or conduct business in this district.

**INTERSTATE COMMERCE JURISDICTION**: This Court has jurisdiction over Defendants' interstate criminal enterprise operations, including verified fraudulent communications from Maryland to Delaware-based Wilgus Associates in Bethany Beach, Delaware, constituting wire fraud and mail fraud across state lines under 18 U.S.C. §§ 1341 and 1343.

**FEDERAL INTERVENTION WARRANTED**: Under *Mitchum v. Foster*, 407 U.S. 225 (1972), federal courts may enjoin state proceedings to prevent denial of federal rights. The systematic abuse of state court process by licensed attorneys, combined with exploitation of Plaintiff's ADA-protected disability, requires immediate federal intervention to preserve constitutional due process and equal protection rights.

## III. PARTIES

### A. Plaintiff

Plaintiff Robert Herring ("Plaintiff") is a 46-year-old African-American U.S. military veteran and small business owner residing at 10261 Harrison Road, Berlin, Maryland 21811. Plaintiff is the sole legal owner and founder of Certified Cleaning Solutions, LLC (CCS), a legitimate

interstate cleaning company that generated over $150,000 annually in 2024 and operated across the Delmarva Peninsula of Maryland and Delaware. He is currently indigent, proceeding *pro se* and *in forma pauperis*, and is the primary caregiver for four elderly disabled family members residing in a sub-1,000 square foot home.

Due to Defendants' criminal enterprise, Plaintiff has been forced to sleep in a recliner in the doorway at night in cramped living conditions after being displaced from his marital home through domestic violence and threats on March 21, 2025. Plaintiff is living in squalor, taking away from his family's privacy in an already small house, only five minutes away from his own home which he cannot access. Plaintiff suffers from documented gephyrophobia (fear of bridges) requiring medical treatment including prescription medications for anxiety and stress management, which has been systematically exploited by Defendants to obstruct court access.

## B. Enterprise Defendants

**Defendant Mirian Lissette Novoa Cornejo** *a/k/a* Mirian Novoa (DOB: 4/8/81, ITIN ending 9933) is a citizen of El Salvador who admitted to Plaintiff as late as January 2025 that she was unlawfully residing in the United States and is currently operating a Maryland-registered cleaning business under the name M&M Professional Cleaning, LLC. She currently unlawfully occupies the marital home at 502 Sunlight Lane, Unit 6, Berlin, Maryland 21811, from which Plaintiff was forced to flee due to domestic violence.

Defendant Novoa poses an extreme flight risk due to her previously disclosed undocumented status and has extensive family networks in Laurel, Maryland, El Salvador, and has established international financial operations. Defendant Novoa has unlawfully entered Plaintiff's locked room at the marital residence and moved personal belongings without authorization.

**Defendant M&M Professional Cleaning, LLC** (M&M) is a Maryland-registered entity operated by Defendant Novoa to conceal enterprise income and divert clients from Plaintiff's legitimate company. It operates from the marital home at 502 Sunlight Lane, Berlin, MD, without proper licensure in Maryland, Delaware, D.C., or Virginia. The company serves as a vehicle for unlicensed cleaning services using undocumented labor across state lines.

4

### C. RICO "Persons" Conducting Enterprise Affairs

**Defendant Suzanne Dawn Ryan** (Maryland Attorney ID: 0912170108) is an attorney licensed in Maryland and owner of Suzanne Ryan Law, LLC, located at 1201 Seven Locks Road, Suite 360, Rockville, Maryland 20854. Ryan serves as the primary conductor of the criminal enterprise, authoring ghostwritten pleadings, coordinating litigation abuse, and overseeing enterprise operations.

**Defendant Suzanne Ryan Law, LLC** is the business entity through which Defendant Ryan conducts enterprise operations, providing legal cover for criminal coordination and serving as a conduit for tainted legal fees.

**Defendant Elizabeth Ann Tello** (Maryland Attorney ID: 0612130389) is an attorney licensed in Maryland and associated with Tello Law LLC, located at 51 Monroe Street, Unit 1901, Rockville, Maryland 20850. Tello has participated in conducting enterprise affairs by joining as co-counsel in April 2025 during active criminal enterprise operations and remaining silent during ongoing professional misconduct.

**Defendant Tello Law LLC** is the business entity through which Defendant Tello operates, used to provide additional legal cover for enterprise operations.

## IV. ENHANCED ANTI-RETALIATION PROVISIONS

### A. Pattern of Retaliatory Conduct

**SYSTEMATIC RETALIATION**: From March 2025 to present, Defendants have engaged in escalating retaliatory conduct designed to punish Plaintiff for asserting his legal rights, including: (a) real-time surveillance of court filings, (b) ghostwritten responsive pleadings filed within 24-48 hours without proper service, (c) venue manipulation to exploit Plaintiff's disability, (d) evidence destruction following formal legal notices, (e) asset dissipation and concealment during litigation, and (f) unauthorized subpoenas issued during court-ordered litigation stay.

### B. Federal Protection Required

**18 U.S.C. § 1513 - Retaliation Against Witness**: Defendants have engaged in retaliatory conduct against Plaintiff as a witness and victim of federal crimes, including harassment, intimidation, and obstruction designed to prevent his testimony and cooperation with law enforcement.

**42 U.S.C. § 1983 - Retaliation Under Color of Law**: Defendants Ryan and Tello, acting under color of state law through their attorney licenses, have retaliated against Plaintiff for exercising his constitutional rights, including due process, equal protection, and ADA accommodation.

## V. STATEMENT OF FACTS

### A. Background and Business Origins

Plaintiff Robert Herring is a decorated military veteran and lifelong Maryland resident who operated Certified Cleaning Solutions, LLC ("CCS") from the marital home at 502 Sunlight Lane, Unit 6, Berlin, Maryland. CCS was a legitimate, licensed business generating over $150,000 annually in 2024 and projected to earn $175,000 in 2025, with cleaning service contracts across the Delmarva Peninsula of Maryland and Delaware. Since 2020, Plaintiff has been sole caregiver to four disabled, elderly relatives in a sub-1,000 square foot home on fixed incomes.

Plaintiff co-founded CCS before marrying Defendant Mirian Lissette Novoa Cornejo on October 21, 2021. Although Novoa contributed labor, she formally renounced all ownership and operational authority via WhatsApp on April 22, 2022. Through enterprise coordination, she later falsely claimed to be a co-owner of CCS to end client relationships without Plaintiff's knowledge, redirecting clients to M&M Professional Cleaning.

**DISABILITY EXPLOITATION**: Plaintiff suffers from gephyrophobia, a diagnosed anxiety disorder that severely limits his ability to cross large bridges such as the Chesapeake Bay Bridge. Despite defendants' knowledge of this documented disability requiring medical treatment, they deliberately manipulated venue to Montgomery County (150+ miles across the Chesapeake Bay Bridge) to exploit this condition and prevent court access, violating the Americans with Disabilities Act.

## B. Enterprise Formation and Criminal Activity

**MARRIAGE FRAUD FOUNDATION:** The marriage between Plaintiff and Defendant Novoa on October 21, 2021, was fraudulent in nature, designed to facilitate unlawful immigration status and provide cover for systematic criminal enterprise operations. This foundational marriage fraud under 8 U.S.C. § 1325(c) contributed to all subsequent damages sustained by Plaintiff.

**FORCED DISPLACEMENT THROUGH DOMESTIC VIOLENCE:** Defendant Novoa's pattern of domestic violence and threats forced Plaintiff to flee the marital home on March 21, 2025, with only the clothes on his back and his two dogs (Foxy and Hershey), leaving all personal belongings behind. Since March 21, 2025, Plaintiff has filed repeatedly in Worcester County Circuit Court for emergency monetary relief without success, demonstrating the inadequacy of state court remedies. Plaintiff has been forced to sleep in a recliner in cramped living conditions with four elderly disabled relatives while Defendant Novoa continues to unlawfully occupy the marital residence.

## C. Attorney-Facilitated Criminal Enterprise

**COORDINATED BANK FRAUD:** On March 26, 2025, Defendants Novoa and Ryan coordinated the fraudulent withdrawal of $5,000 from the CCS Truist bank account via counter withdrawal issued to Mirian Novoa (Exhibit 1). This unauthorized transaction constituted bank fraud under 18 U.S.C. § 1344 and was documented in Ryan's contemporaneous email referring to the stolen funds as "tax funds" (Exhibit 2).

**WILGUS ASSOCIATES INTERSTATE CLIENT CONVERSION:** The systematic nature of the criminal enterprise is further demonstrated by Defendants' coordinated interstate theft of the Wilgus Associates client relationship. Wilgus Associates, located in **Bethany Beach, Delaware**, had maintained a cross-state business relationship with CCS in Maryland, paying checks to CCS addressed to the company with "Mark" designation on the envelope, referring to Plaintiff (Exhibit 10). When Crystal Dempsey from Wilgus Associates informed Plaintiff via text message of $5,020 in undeposited checks paid in 2024, Plaintiff requested stop payment and re-issue. Approximately a week later, Dempsey from Wilgus Associates informed Plaintiff via text

message that Defendant Novoa had appeared with an attorney letter claiming co-ownership of CCS (Exhibit 9), and as co-owner of CCS there was no need to stop payment or re-issue checks.

Despite Novoa's formal renunciation of CCS ownership on April 22, 2022, Wilgus Associates accepted the fraudulent attorney letter and simultaneously decided to hire M&M Professional Cleaning, stating "she did most of the work anyway," which was false due to CCS being a two-person business. This interstate fraudulent communication from Maryland to Delaware constituted wire fraud under 18 U.S.C. § 1343 and demonstrates the enterprise's use of fraudulent legal documentation to systematically convert CCS clients across state lines and steal undeposited business funds totaling $5,020 representing 2024 winter operating capital.

### D. Court System Abuse and Professional Misconduct

**SYSTEMATIC GHOSTWRITING**: From approximately May through July 2025, Defendants Novoa and Ryan engaged in systematic ghostwriting designed to weaponize the state court system. The 24-48 hour response times to unserved pleadings, combined with professional legal formatting beyond Defendant Novoa's documented English capabilities, establishes systematic ghostwriting coordination (Exhibit 3).

**COURT STAY VIOLATIONS**: Despite a court-ordered litigation pause on May 16, 2025, Defendant Ryan via Defendant Novoa proceeded to file multiple ghostwritten pleadings thereafter, all in violation of Maryland Rule 2-516, constituting obstruction of justice under 18 U.S.C. § 1519 and criminal contempt under 18 U.S.C. § 401.

### E. Identity Theft and Unauthorized Subpoenas

**UNAUTHORIZED TAX DOCUMENT PREPARATION**: On April 27, 2025, Defendants Novoa and Ryan caused to be prepared falsified 2023 and 2024 federal tax returns bearing Plaintiff's full Social Security Number and CCS ITIN—documents which Plaintiff never authorized (Exhibits 6–7). This unauthorized use of Plaintiff's personal identifiers was designed to support Defendant Novoa's immigration applications and conceal enterprise income.

### F. Formal Notice and Escalation

**CEASE-AND-DESIST NOTICE:** On March 13, 2025, at 3:42 AM, Plaintiff sent Defendant Mirian Lissette Novoa Cornejo a written cease-and-desist letter via WhatsApp (Exhibit 8). The message formally listed Defendants' manipulative, criminal, and tortious conduct and warned that further unauthorized actions would result in legal consequences.

**ESCALATION AFTER CONFRONTATION:** Rather than ceasing their criminal conduct after being formally confronted, Defendants escalated their activities, demonstrating systematic disregard for legal consequences and continued criminal intent.

## VI. PATTERN OF RACKETEERING ACTIVITY (PREDICATE ACTS)

Defendants have engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) by committing multiple acts of racketeering activity as part of the same criminal enterprise. The following predicate acts demonstrate the systematic nature of the criminal conduct and satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b):

### COMPREHENSIVE DAMAGES CALCULATION

| Category | Specific Damage | Amount |
| --- | --- | --- |
| **DIRECT THEFT AND CONVERSION** | | |
| Fraudulent check cashed | March 26, 2025 | $5,000 |
| Wilgus Associates undeposited checks | March 2025 | $5,020 |
| Wilgus Associates client conversion | April 2025 | $12,000 |
| Business equipment and assets | March 22, 2025 | $15,000 |
| 2015 Toyota Highlander | Ongoing | $18,000 |
| Personal property in locked room | March 21, 2025 | $5,000 |

**DISPLACEMENT AND HOUSING DAMAGES**

| | | |
|---|---|---|
| Forced removal from marital home | March 21, 2025 | $200,000 |
| Substandard living conditions (sleeping in chair) | March 2025-Present | $100,000 |
| Loss of personal belongings and privacy | March 2025-Present | $50,000 |

**COURT VIOLATIONS DURING STAY**

| | | |
|---|---|---|
| Unauthorized subpoenas during stay | May 16-July 2025 | $300,000 |
| Contempt of court and obstruction | May 16-July 2025 | $200,000 |
| Continued harassment during prohibited period | May 16-July 2025 | $150,000 |

**LONG-TERM BUSINESS AND LIFE DESTRUCTION**

| | | |
|---|---|---|
| 10-year business projection | 2025-2035 | $2,500,000 |
| Career destruction and inability to restart | Ongoing | $1,000,000 |
| Permanent psychological trauma | Ongoing | $1,500,000 |

**IMMIGRATION/MARRIAGE FRAUD**

| | | |
|---|---|---|
| Sham marriage for immigration benefits | October 2021-Present | $1,000,000 |
| Fraudulent use of business for legal status | 2021-Present | $500,000 |

| | | |
|---|---|---|
| Systematic deception and long-term con | 2021-Present | $500,000 |

**CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS**

| | | |
|---|---|---|
| Domestic violence and forced displacement | 2021-Present | $1,500,000 |
| Privacy violations (locked room entry) | March 2025 | $250,000 |
| ADA violations and disability exploitation | March 2025-Present | $300,000 |

**PROFESSIONAL MISCONDUCT AND CRIMINAL ENTERPRISE**

| | | |
|---|---|---|
| Attorney-facilitated criminal enterprise | March 2025-Present | $2,000,000 |
| Systematic court abuse and fraud | March 2025-Present | $1,000,000 |
| Identity theft and privacy violations | April 2025-Present | $500,000 |

**ASSET CONCEALMENT AND HIDDEN PROCEEDS**

| | | |
|---|---|---|
| Concealed assets during litigation | March 2025-Present | $1,000,000 |
| International money laundering | 2024-Present | $500,000 |
| **TOTAL BASE DAMAGES** | | **$17,040,020** |
| **RICO TREBLE DAMAGES (18 U.S.C. § 1964(c))** | | **$51,120,060** |

**PREDICATE ACT 1: BANK FRAUD (18 U.S.C. § 1344)**

- **Date:** March 26, 2025, 2:15 PM

- **Participants:** Defendant Novoa (primary actor) and Ryan (coordinator)

- **Conduct:** Defendant Novoa executed unauthorized counter withdrawal of $5,000 from CCS Truist business account using fraudulent authority claim, coordinated with attorney Ryan who provided legal justification for the theft via email referring to stolen funds as "tax funds"

- **Injury:** Plaintiff lost $5,000 in business operating capital, forcing closure of active cleaning contracts and disrupting business operations

- **How it relates to other acts/enterprise:** This act was the first major financial theft designed to strip Plaintiff of operating capital while funding the enterprise's legal operations

- **Statute Violated:** 18 U.S.C. § 1344 (bank fraud scheme)

- **Evidence:** Bank withdrawal slip (Exhibit 1), Ryan's email acknowledging "tax funds" (Exhibit 2)

## PREDICATE ACT 2: INTERSTATE WIRE FRAUD (18 U.S.C. § 1343)

- **Date:** March-April 2025

- **Participants:** Defendants Ryan (primary author) and Novoa (executor)

- **Conduct:** Defendants coordinated fraudulent attorney letter transmission via electronic communications to Wilgus Associates in Bethany Beach, Delaware, falsely claiming Novoa's co-ownership of CCS, resulting in theft of $5,020 in undeposited checks and

conversion of Delaware-based client to M&M Professional Cleaning

- **Injury:** $17,020 in combined theft and client conversion damages across state lines, permanent loss of Delaware client base

- **How it relates to other acts/enterprise:** This interstate fraud was part of systematic client conversion scheme to transfer all CCS business relationships to the criminal enterprise

- **Statute Violated:** 18 U.S.C. § 1343 (wire fraud in interstate commerce)

- **Evidence:** Text messages from Crystal Dempsey detailing attorney letter (Exhibit 9), Wilgus Associates envelopes showing Delaware location (Exhibit 10)


## PREDICATE ACT 3: INTERSTATE MAIL FRAUD (18 U.S.C. § 1341)

- **Date:** March-April 2025

- **Participants:** Defendants Ryan (author) and Novoa (sender)

- **Conduct:** Defendants used U.S. mail to deliver fraudulent attorney correspondence to Wilgus Associates in Bethany Beach, Delaware, constituting interstate mail fraud to facilitate client conversion

- **Injury:** Interstate mail fraud enabling $17,020 in theft and client conversion, loss of legitimate business relationship

- **How it relates to other acts/enterprise:** Physical mail delivery completed the wire fraud scheme, demonstrating coordinated use of multiple communication methods to execute enterprise objectives

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud in interstate commerce)

- **Evidence:** Postal delivery records, attorney correspondence, Delaware business location documentation

## PREDICATE ACT 4: DOMESTIC MAIL FRAUD (18 U.S.C. § 1341)

- **Date:** April 2-15, 2025

- **Participants:** Defendants Novoa (sender) and Ryan (author)

- **Conduct:** Defendant Novoa mailed Ryan-drafted letters containing false business closure statements and M&M service offers to CCS clients throughout Maryland and Delaware

- **Injury:** Loss of $15,000 in recurring monthly cleaning contracts diverted to M&M Professional Cleaning

- **How it relates to other acts/enterprise:** Systematic mailing campaign designed to complete the business takeover by diverting all remaining CCS clients to the criminal enterprise

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud scheme)

- **Evidence:** Client correspondence, postal records, comparative analysis of professional drafting vs. Novoa's English capabilities

## PREDICATE ACT 5: IDENTITY THEFT (18 U.S.C. § 1028)

- **Date:** April 27, 2025

- **Participants:** Defendants Ryan (primary actor) and Novoa (beneficiary)

- **Conduct:** Defendants used Plaintiff's Social Security number and CCS ITIN without authorization to prepare falsified 2023 and 2024 federal tax returns containing misspelled information

- **Injury:** $3,000 in accounting costs, potential tax penalties, identity theft supporting immigration fraud scheme

- **How it relates to other acts/enterprise:** Identity theft provided fraudulent documentation to support Novoa's immigration applications while concealing enterprise income from legitimate authorities

- **Statute Violated:** 18 U.S.C. § 1028 (fraud and related activity in connection with identification documents)

- **Evidence:** Tax returns with unauthorized SSN usage and misspelled information (Exhibits 6-7), Ryan's email with attached documents (Exhibit 4)


## PREDICATE ACT 6: TAX FRAUD (26 U.S.C. § 7201)

- **Date:** Prior to 2020 to Present

- **Participants:** Defendant Novoa (primary actor)

- **Conduct:** Systematic failure to report income from undocumented cleaning operations across multiple states, using cash payments and unregistered workers to evade tax obligations

- **Injury:** Tax evasion supporting criminal enterprise operations, unfair competitive advantage over legitimate businesses

- **How it relates to other acts/enterprise:** Tax evasion provided operational funding for enterprise while avoiding government oversight of criminal activities

- **Statute Violated:** 26 U.S.C. § 7201 (attempt to evade or defeat tax)

- **Evidence:** Cash transaction records, witness testimony, business operation documentation, admissions of unreported income

## PREDICATE ACT 7: TAX DOCUMENT FRAUD (26 U.S.C. § 7206)

- **Date:** April 27, 2025

- **Participants:** Defendants Ryan (preparer) and Novoa (signatory)

- **Conduct:** Preparation and submission of false tax returns containing misspelled information and unauthorized personal identifiers to support immigration fraud scheme

- **Injury:** Identity theft and tax fraud supporting immigration fraud scheme, potential IRS penalties for Plaintiff

- **How it relates to other acts/enterprise:** False tax documents provided fraudulent foundation for immigration applications while concealing true enterprise income

- **Statute Violated:** 26 U.S.C. § 7206 (fraud and false statements in tax returns)

- **Evidence:** Falsified tax documents with misspellings and unauthorized SSN/ITIN usage (Exhibits 4, 6, 7)

## PREDICATE ACT 8: IMMIGRATION FRAUD (8 U.S.C. § 1325)

- **Date:** October 21, 2021

- **Participants:** Defendant Novoa (primary actor), later facilitated by Ryan

- **Conduct:** Defendant Novoa entered fraudulent marriage with Plaintiff to obtain immigration benefits and legal status, forming the foundation for all subsequent criminal enterprise activities

- **Injury:** $2,000,000 in long-term fraud damages, systematic deception enabling business takeover

- **How it relates to other acts/enterprise:** Fraudulent marriage provided legal cover for enterprise operations and access to Plaintiff's legitimate business infrastructure

- **Statute Violated:** 8 U.S.C. § 1325 (marriage fraud for immigration benefits)

- **Evidence:** Marriage certificate, immigration documents, admissions of fraud, subsequent use of marriage for CCS business access

## PREDICATE ACT 9: INTERNATIONAL MONEY LAUNDERING (18 U.S.C. § 1956)

- **Date:** 2024–Present

- **Participants:** Defendant Novoa (primary actor), Karla Vanessa Hernan (international coordinator)

- **Conduct:** Weekly shipments of goods to El Salvador through Karla Vanessa Hernan for unreported resale profits, constituting international money laundering to conceal

enterprise proceeds

- **Injury:** $500,000 in concealed enterprise proceeds, international asset hiding preventing recovery

- **How it relates to other acts/enterprise:** International money laundering provided method to conceal stolen assets and generate unreported income for continued enterprise operations

- **Statute Violated:** 18 U.S.C. § 1956 (laundering of monetary instruments)

- **Evidence:** Shipping records, financial transfers, international surveillance documentation, TikTok surveillance evidence

## PREDICATE ACT 10: OBSTRUCTION OF JUSTICE (18 U.S.C. § 1519)

- **Date:** March 22, 2025

- **Participants:** Defendant Novoa (primary actor), coordinated with Ryan

- **Conduct:** Defendant Novoa systematically destroyed evidence including disabling security cameras, tampering with Plaintiff's belongings, removing business equipment, and concealing criminal activity following formal cease-and-desist notice

- **Injury:** $5,000 in converted business equipment, loss of critical evidence for legal proceedings

- **How it relates to other acts/enterprise:** Evidence destruction was designed to conceal enterprise criminal activities and prevent law enforcement investigation

- **Statute Violated:** 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in federal investigations)

- **Evidence:** Security system logs, witness testimony, inventory records, timing correlation with legal notice

## PREDICATE ACT 11: LITIGATION DURING COURT STAY (18 U.S.C. § 1519)

- **Date:** May 16–July 2025

- **Participants:** Defendants Ryan (author) and Novoa (signatory)

- **Conduct:** Filed multiple ghostwritten pleadings during court-ordered litigation stay including discovery requests, unauthorized subpoenas, and motions in direct violation of Maryland Rule 2-516

- **Injury:** $300,000 in unauthorized discovery during prohibited period, systematic court abuse

- **How it relates to other acts/enterprise:** Court stay violations demonstrated enterprise's systematic disregard for legal authority and continued obstruction of justice

- **Statute Violated:** 18 U.S.C. § 1519 (obstruction of justice through court filing violations)

- **Evidence:** Court docket showing stay order and subsequent filings, professional quality of pleadings beyond Novoa's capabilities

## PREDICATE ACT 12: WITNESS TAMPERING (18 U.S.C. § 1512)

- **Date:** March–May 2025

- **Participants:** Defendant Ryan (primary actor)

- **Conduct:** Ryan contacted Plaintiff's mental health provider to access protected information, alter domestic violence documentation, and discredit Plaintiff's testimony through unauthorized medical record access

- **Injury:** $200,000 in privacy violations, breach of medical confidentiality, compromised legal position

- **How it relates to other acts/enterprise:** Witness tampering was designed to undermine Plaintiff's credibility and prevent effective legal challenge to enterprise operations

- **Statute Violated:** 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant)

- **Evidence:** Healthcare provider communications log, altered domestic violence documentation, HIPAA violation records


## PREDICATE ACT 13: COMPUTER FRAUD (18 U.S.C. § 1030)

- **Date:** March–July 2025

- **Participants:** Defendants Ryan and Novoa (coordinated access)

- **Conduct:** Defendants accessed protected court computer system for real-time surveillance of Plaintiff's filings, enabling 24-48 hour ghostwritten responses without proper service

- **Injury:** $1,500 in additional legal costs, systematic procedural disadvantage, loss of litigation strategy

- **How it relates to other acts/enterprise:** Computer fraud provided enterprise with unfair litigation advantage through unauthorized access to protected court systems

- **Statute Violated:** 18 U.S.C. § 1030 (fraud and related activity in connection with computers)

- **Evidence:** Court docket timing analysis, surveillance documentation (Exhibit 5), pattern of immediate responses to unserved filings

## PREDICATE ACT 14: SYSTEMATIC COURT SURVEILLANCE (18 U.S.C. § 1030 and § 1343)

- **Date:** March 2025–Present

- **Participants:** Defendants Ryan (coordinator) and Novoa (surveillance actor)

- **Conduct:** Unauthorized monitoring of Maryland MDEC system to access Plaintiff's filings and coordinate ghostwritten responses, combined with wire fraud through electronic coordination

- **Injury:** Systematic procedural disadvantage, litigation harassment, loss of fair court proceedings

- **How it relates to other acts/enterprise:** Court surveillance enabled enterprise to maintain systematic advantage in legal proceedings while coordinating criminal activities

- **Statute Violated:** 18 U.S.C. § 1030 (computer fraud) and § 1343 (wire fraud)

- **Evidence:** Court surveillance documentation (Exhibit 5), filing timing analysis, electronic communication patterns

## PREDICATE ACT 15: GHOSTWRITING AND SIGNATURE FRAUD (18 U.S.C. § 1341)

- **Date:** March–July 2025

- **Participants:** Defendants Ryan (author) and Novoa (fraudulent signatory)

- **Conduct:** Systematic ghostwriting of pleadings submitted under Novoa's name using mail system, including fraudulent electronic signatures and professional legal language beyond Novoa's English capabilities

- **Injury:** Procedural disadvantage, litigation harassment, fraud upon the court

- **How it relates to other acts/enterprise:** Ghostwriting enabled enterprise to conduct sophisticated legal operations while maintaining facade of pro se representation

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud through fraudulent court filings)

- **Evidence:** Comparative analysis of pleading quality vs. Novoa's documented English skills (Exhibit 3), signature analysis, professional formatting inconsistencies

## PREDICATE ACT 16: DISCOVERY ABUSE AND FRAUD (18 U.S.C. § 1341)

- **Date:** June-July 2025

- **Participants:** Defendants Ryan (author) and Novoa (signatory)

- **Conduct:** Served 125 discovery questions during litigation stay with false "Good Faith" certificate under Maryland Rule 2-431, using mail system to deliver fraudulent legal documents

- **Injury:** Forced compliance costs during prohibited litigation period, fraudulent legal process abuse

- **How it relates to other acts/enterprise:** Discovery abuse was designed to overwhelm Plaintiff's resources and maintain enterprise's procedural advantage during prohibited litigation period

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud through false legal certifications)

- **Evidence:** Discovery requests with false certifications, mail delivery records, timing during prohibited litigation period

## PREDICATE ACT 17: PROFESSIONAL ETHICS VIOLATIONS (18 U.S.C. § 1341 and § 1962)

- **Date:** March 2025–Present

- **Participants:** Defendants Ryan (primary actor) and Tello (facilitator)

- **Conduct:** Systematic violation of Maryland Rules of Professional Conduct including ghostwriting, failure to withdraw, and facilitating criminal enterprise under color of law, using mail and electronic systems

- **Injury:** Ongoing professional misconduct enabling criminal enterprise, systematic denial of fair legal process

- **How it relates to other acts/enterprise:** Professional misconduct provided legal cover for enterprise operations while systematically denying Plaintiff fair legal representation

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud) and § 1962 (RICO enterprise conduct)

- **Evidence:** Professional conduct documentation, court filings, client communications, coordinated enterprise activities

## PREDICATE ACT 18: FORUM MANIPULATION AND DISABILITY DISCRIMINATION (18 U.S.C. § 1343)

- **Date:** March 28, 2025

- **Participants:** Defendant Ryan (primary actor)

- **Conduct:** Filed parallel divorce action in Montgomery County using electronic systems to exploit Plaintiff's gephyrophobia and prevent court access, violating ADA and due process rights

- **Injury:** $300,000 in ADA violations, denial of court access, forced default strategy

- **How it relates to other acts/enterprise:** Forum manipulation was designed to exploit Plaintiff's disability and prevent effective legal challenge to enterprise operations

- **Statute Violated:** 18 U.S.C. § 1343 (wire fraud through electronic court manipulation)

- **Evidence:** Venue selection documentation, medical records of disability, electronic filing records, strategic forum manipulation

## PREDICATE ACT 19: EXTORTION AND COERCION (18 U.S.C. § 1951)

- **Date:** March–April 2025

- **Participants:** Defendants Ryan (coordinator) and Novoa (executor)

- **Conduct:** Psychological coercion and deadline manipulation to pressure Plaintiff into relinquishing business rights while using stolen assets for legal fees, affecting interstate commerce

- **Injury:** Business dissolution under duress, loss of negotiating position, forced asset surrender

- **How it relates to other acts/enterprise:** Extortion was designed to force Plaintiff's capitulation to enterprise demands while preventing legal challenge to criminal activities

- **Statute Violated:** 18 U.S.C. § 1951 (interference with commerce by threats or violence)

- **Evidence:** Email communications, timeline of asset theft and legal demands, coordinated pressure tactics

## PREDICATE ACT 20: DOMESTIC VIOLENCE AND COERCION (18 U.S.C. § 1951)

- **Date:** October 21, 2021–Present

- **Participants:** Defendant Novoa (primary actor), facilitated by Ryan

- **Conduct:** Systematic domestic abuse and intimidation to control Plaintiff and prevent interference with criminal enterprise operations, including physical threats, emotional manipulation, and psychological coercion affecting interstate business

- **Evidence:** Witness testimony, medical records, documentation of abuse pattern, business impact records

## PREDICATE ACT 21: INTERNATIONAL SURVEILLANCE AND RETALIATION (18 U.S.C. § 1030 and § 1343)

- **Date:** July 9, 2025

- **Participants:** Karla Vanessa Hernán (international actor), coordinated with domestic enterprise

- **Conduct:** Real-time TikTok surveillance of Plaintiff's federal complaint preparation using computer systems and electronic coordination, demonstrating ongoing international enterprise coordination

- **Injury:** Ongoing intimidation, international enterprise coordination, witness tampering

- **How it relates to other acts/enterprise:** International surveillance demonstrated enterprise's global reach and continued efforts to obstruct justice and intimidate Plaintiff

- **Statute Violated:** 18 U.S.C. § 1030 (computer fraud) and § 1343 (wire fraud)

- **Evidence:** TikTok access logs, international surveillance documentation, timing correlation with complaint preparation

## PREDICATE ACT 22: ASSET CONCEALMENT AND TITLE FRAUD (18 U.S.C. § 1341)

- **Date:** 2020–Present

- **Participants:** Defendants Novoa and her sister Myrna Guadalupe Novoa de Posada

- **Conduct:** Fraudulent titling of 2015 Toyota Highlander in sister's name using mail system to conceal beneficial ownership and shield assets from creditors and court oversight

- **Injury:** $18,000 in concealed assets, fraudulent title manipulation preventing asset recovery

- **How it relates to other acts/enterprise:** Asset concealment was designed to hide enterprise proceeds and prevent asset recovery by legitimate creditors and courts

- **Statute Violated:** 18 U.S.C. § 1341 (mail fraud in asset concealment scheme)

- **Evidence:** Vehicle title records, payment documentation, usage patterns, mail delivery of fraudulent documents


**ENTERPRISE NEXUS AND PATTERN DEMONSTRATION**

**ENTERPRISE NEXUS:** Each predicate act was committed in furtherance of the criminal enterprise's objectives: (1) systematic theft of Plaintiff's business assets, (2) laundering of proceeds through domestic and international channels, (3) obstruction of justice to conceal criminal activity, and (4) manipulation of legal proceedings to maintain enterprise operations.

**PATTERN DEMONSTRATION:** These 22 predicate acts occurred over a continuous period from October 2021 through July 2025, demonstrating a sustained pattern of criminal activity with common methodology, participants, and objectives. The acts are interrelated and form a cohesive scheme to destroy Plaintiff's business and transfer assets to the criminal enterprise.

**DIRECT INJURY CAUSATION:** Each predicate act directly caused specific business and property injury to Plaintiff, totaling $17,040,020 in base damages, trebled to $51,120,060 under

18 U.S.C. § 1964(c). The acts systematically destroyed Plaintiff's legitimate business operations while enriching the criminal enterprise through fraudulent means.

## VII. COUNTS FOR RELIEF

### COUNT I: VIOLATION OF 18 U.S.C. § 1962(c) – CIVIL RICO

*(Against All Defendants)*

1. Plaintiff incorporates all preceding paragraphs by reference.

2. **THE ENTERPRISE:** Defendants Novoa and M&M Professional Cleaning, along with their network of associates, constitute an association-in-fact enterprise operating across Maryland, Delaware, Virginia, and El Salvador with the common purpose of misappropriating Plaintiff's business assets, laundering proceeds, and obstructing justice.

3. **PERSONS CONDUCTING ENTERPRISE AFFAIRS:** Defendants Ryan and Tello, as licensed attorneys operating through their respective law practices, conducted the affairs of the above-described enterprise through coordinated legal manipulation, ghostwritten pleadings, and systematic court abuse.

4. **PATTERN OF RACKETEERING ACTIVITY:** Defendants engaged in a pattern of racketeering activity consisting of multiple predicate acts including bank fraud, wire fraud, mail fraud, computer fraud, identity theft, obstruction of justice, tax evasion, money laundering, immigration fraud, and professional misconduct, occurring from October 2021 through the present.

5. **DIRECT INJURY:** Plaintiff suffered direct injury to his business and property as a proximate result of this racketeering activity, including documented losses of $17,040,020 in direct damages as detailed in the predicate acts analysis above.

6. **JOINT AND SEVERAL LIABILITY:** All Defendants are jointly and severally liable for the full amount of damages under 18 U.S.C. § 1964(c), regardless of their individual

degree of participation.

7. Plaintiff seeks treble damages under 18 U.S.C. § 1964(c) in the amount of **$51,120,060**, attorney's fees, and comprehensive injunctive relief.

## COUNT II: VIOLATION OF 18 U.S.C. § 1962(d) – CIVIL RICO CONSPIRACY

*(Against All Defendants)*

8. Plaintiff incorporates all preceding paragraphs by reference.

9. Defendants conspired to violate 18 U.S.C. § 1962(c) by agreeing to participate in the conduct of the enterprise through a pattern of racketeering activity.

10. Each Defendant was aware of and agreed to the overall criminal objective of the conspiracy to misappropriate Plaintiff's business assets and obstruct justice through systematic legal manipulation.

11. Plaintiff seeks treble damages, attorney's fees, and injunctive relief under 18 U.S.C. § 1964(c).

## COUNT III: VIOLATION OF 42 U.S.C. § 1983 – CIVIL RIGHTS DEPRIVATION

*(Against Ryan and Tello)*

12. Plaintiff incorporates all preceding paragraphs by reference.

13. Defendants Ryan and Tello, acting under color of state law through their attorney licenses, deprived Plaintiff of rights secured by the Constitution and federal laws, specifically due process and equal protection under the Fourteenth Amendment.

14. Defendants violated Plaintiff's constitutional rights through systematic court abuse, ghostwriting fraud, unauthorized subpoenas during court stay, and procedural manipulation designed to deny meaningful access to the courts.

15. Plaintiff seeks compensatory and punitive damages, attorney's fees, and injunctive relief under 42 U.S.C. § 1983.

## COUNT IV: AMERICANS WITH DISABILITIES ACT VIOLATIONS

*(Against Ryan and Novoa)*

16. Plaintiff incorporates all preceding paragraphs by reference.

17. Defendants discriminated against Plaintiff based on his disability (gephyrophobia) by manipulating venue to Montgomery County and preventing reasonable accommodation in legal proceedings.

18. Defendants' conduct violated 42 U.S.C. § 12132 by denying Plaintiff equal access to judicial proceedings and failing to provide reasonable accommodations for his documented disability.

19. Plaintiff seeks injunctive relief requiring reasonable accommodations, compensatory damages, and attorney's fees under 42 U.S.C. § 12101 *et seq.*

## COUNT V: FRAUD, CONVERSION, AND UNJUST ENRICHMENT

*(Against Novoa and M&M Professional Cleaning)*

20. Plaintiff incorporates all preceding paragraphs by reference.

21. Defendants fraudulently converted Plaintiff's business assets, including the $5,000 fraudulent bank withdrawal, $5,020 in withheld Wilgus Associates checks, client relationships, equipment, and business goodwill through systematic deception and unauthorized actions.

22. Defendants have been unjustly enriched by retaining proceeds from stolen business operations and must disgorge all ill-gotten gains.

23. Plaintiff seeks compensatory damages, restitution, and disgorgement of all profits derived from converted assets.

## COUNT VI: UNAUTHORIZED USE OF IDENTIFICATION – 18 U.S.C. § 1028

*(Against Ryan and Novoa)*

24. Plaintiff incorporates all preceding paragraphs by reference.

25. Defendants knowingly used Plaintiff's Social Security number and business ITIN without authorization to prepare and file federal tax returns on April 27, 2025, furthering the criminal enterprise.

26. This conduct violates 18 U.S.C. § 1028 and caused direct harm to Plaintiff through accounting costs and potential tax penalties.

27. Plaintiff seeks statutory damages, restitution, and injunctive relief under 18 U.S.C. § 1028.

## COUNT VII: DOMESTIC VIOLENCE UNDER 42 U.S.C. § 1983

*(Against Novoa)*

28. Plaintiff incorporates all preceding paragraphs by reference.

29. Defendant Novoa, acting in concert with licensed attorneys under color of state law, engaged in systematic domestic violence and abuse to further the criminal enterprise, specifically violating Plaintiff's constitutional rights to due process and equal protection.

30. The domestic abuse was coordinated with legal proceedings to maximize psychological harm and prevent Plaintiff from seeking protective relief, constituting state action under color of law.

31. Plaintiff seeks compensatory and punitive damages for domestic violence, protective orders, and injunctive relief under 42 U.S.C. § 1983.

## COUNT VIII: CRIMINAL CONTEMPT AND OBSTRUCTION – 18 U.S.C. § 401

*(Against Ryan)*

32. Plaintiff incorporates all preceding paragraphs by reference.

33. Defendant Ryan willfully violated the May 16, 2025 court-ordered litigation stay by issuing unauthorized subpoenas and filing prohibited pleadings, constituting criminal contempt under 18 U.S.C. § 401.

34. These violations occurred with knowledge of the court order and demonstrated deliberate disregard for judicial authority.

35. Plaintiff seeks contempt sanctions, monetary damages, and injunctive relief preventing further violations.

## COUNT IX: MANDATORY PSYCHOLOGICAL EVALUATIONS

*(Against All Human Defendants)*

36. Plaintiff incorporates all preceding paragraphs by reference.

37. The systematic nature of Defendants' criminal conduct, including escalation after formal confrontation, requires psychological evaluation to determine:
    a. Patterns of antisocial behavior and criminal thinking
    b. Capacity for systematic deception and manipulation
    c. Response patterns to legal accountability
    d. Risk assessment for future criminal conduct

38. Plaintiff seeks court-ordered psychological evaluations by qualified forensic psychologists to support damages calculations, sentencing recommendations, and public safety determinations.

## COUNT X: COMPREHENSIVE ASSET FORFEITURE

*(Against All Defendants)*

39. Plaintiff incorporates all preceding paragraphs by reference.

40. All assets of Defendants, including real estate, vehicles, business interests, and financial accounts, constitute proceeds of or instrumentalities used in the criminal enterprise and are subject to forfeiture under 18 U.S.C. § 1963.

41. Defendants have demonstrated ongoing asset concealment and dissipation during litigation proceedings, requiring comprehensive asset tracing and recovery measures.

42. Plaintiff seeks forfeiture of all enterprise-related assets, appointment of a receiver, and comprehensive asset recovery procedures.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

### A. APPOINTMENT OF COUNSEL FOR ALL PARTIES

1. **PLAINTIFF COUNSEL REQUEST:**

   o Appoint qualified counsel for Plaintiff under 28 U.S.C. § 1915(e)(1) and 42 U.S.C. § 1988(b)

   o This complex RICO case exceeds *pro se* capabilities

   o Defendants have access to experienced counsel creating fundamental unfairness

   o Plaintiff's indigent status and disability prevent adequate self-representation

   o Case complexity and emergency nature require skilled legal advocacy

2. **DEFENDANT COUNSEL SUPERVISION:**

   o Request Court consider appointing independent counsel for each defendant under Court supervision

   o Prevent coordination between defendants through separate representation

   o Court oversight of all legal strategies to prevent law manipulation

   o Legal fees paid from each defendant's individual frozen assets

   o Special master appointment if necessary to monitor legal conduct

## B. MONETARY DAMAGES

3. Award treble damages under 18 U.S.C. § 1964(c) in the amount of **$51,120,060** against all Defendants jointly and severally

4. Award compensatory and punitive damages on all claims

5. Award attorney's fees and costs under 18 U.S.C. § 1964(c) and 42 U.S.C. § 1988

## C. EMERGENCY FINANCIAL RELIEF

6. Award immediate emergency monetary relief of **$500,000** to address:

   o   Housing displacement and restoration costs: $100,000

   o   Lost income replacement (12 months): $200,000

   o   Emergency living expenses: $75,000

   o   Business recovery capital: $50,000

   o   Legal and medical costs: $75,000

## D. PROPERTY AND ASSET RECOVERY

7. Order immediate return of:

   o   2015 Toyota Highlander and any replacement vehicles

   o   All personal property from locked room at marital residence

- o   All business equipment, tools, and supplies

- o   All client contracts and business records

8.   Order Defendant Novoa to vacate marital residence at 502 Sunlight Lane, Unit 6, Berlin, MD 21811 within 24 hours of service with law enforcement escort if necessary

9.   Prohibit removal of any property from marital residence or vehicles without court authorization

10. **PET CUSTODY AND PROTECTION:**

- o   Award exclusive custody of dogs "Foxy" and "Hershey" to Plaintiff

- o   Prohibit Defendant Novoa from any contact with or claims regarding dogs

- o   Both dogs have been in Plaintiff's exclusive possession since March 21, 2025

- o   Defendant demonstrated inadequate care and lack of dog care knowledge

- o   Any attempt to separate dogs or remove from Plaintiff's care constitutes contempt

**E. COMPREHENSIVE ASSET PRESERVATION**

11. **MANDATORY FORENSIC ASSET TRACING** of all Defendants' assets, including:

- o   All domestic and international bank accounts

- o   All real estate holdings and business interests

36

- o  All hidden or concealed assets

- o  All proceeds from criminal enterprise operations

12. **INDEPENDENT LEGAL REPRESENTATION:**

- o  No defendant may provide financial assistance for any other defendant's legal
  representation

- o  Each defendant must secure independent counsel using only their own individual
  assets

- o  No shared legal representation or joint defense agreements permitted

- o  Court supervision of all legal fee arrangements exceeding $10,000

13. **JOINT AND SEVERAL ASSET FREEZE** for all Defendants:

- o  Complete asset freeze for Defendants Ryan and Novoa

- o  Business account monitoring for Defendant Tello

- o  Daily transaction reporting for amounts over $500

**F. IMMIGRATION AND FLIGHT PREVENTION**

14. **IMMEDIATE PASSPORT SURRENDER** by Defendant Novoa within 24 hours

15. **NOTIFICATION TO ICE** regarding Defendant Novoa's undocumented status and flight
risk

16. **GPS MONITORING** for all Defendants during proceedings

17. **BORDER ALERT PLACEMENT** to prevent international flight

## G. PROFESSIONAL ACCOUNTABILITY

18. **MANDATORY CLIENT NOTIFICATION:**

   - ALL clients of Defendant Novoa west of Chesapeake Bay (RESIDENTIAL and COMMERCIAL)

   - ALL clients of Defendant Novoa east of Chesapeake Bay (RESIDENTIAL and COMMERCIAL)

   - ALL CCS clients on Delmarva Peninsula, Maryland and Delaware (RESIDENTIAL and COMMERCIAL)

   - ALL M&M Professional Cleaning clients (RESIDENTIAL and COMMERCIAL)

   - Notice must be sent within 48 hours of TRO entry with Court-approved content

19. **REFERRAL TO STATE BAR ASSOCIATIONS** for professional discipline proceedings

20. **CESSATION OF LEGAL PRACTICE** pending resolution of criminal enterprise charges

21. **RECEIVER APPOINTMENT** for attorney trust accounts and client files

## H. ENFORCEMENT MECHANISMS

22. **DAILY CONTEMPT FINES** of $1,000 per day for non-compliance with any court orders

23. **IMMEDIATE CONTEMPT PROCEEDINGS** for any violations

24. **CRIMINAL REFERRAL** to federal prosecutors for enterprise prosecution

## I. PSYCHOLOGICAL ASSESSMENT

25. **MANDATORY PSYCHOLOGICAL EVALUATIONS** by court-appointed forensic psychologists for all human Defendants

26. **ASSESSMENT OF CRIMINAL THINKING PATTERNS** and escalation behaviors

27. **RISK EVALUATION** for future criminal conduct

## J. INJUNCTIVE RELIEF

28. **COMPREHENSIVE INJUNCTIVE RELIEF** including:

   o   Complete cessation of M&M Professional Cleaning operations

   o   Prohibition on any cleaning business operations by Defendants

   o   Evidence preservation orders

   o   Prohibition on court surveillance activities

   o   Reasonable accommodations for Plaintiff's disability

## K. DISABILITY ACCOMMODATIONS REQUEST

29. **VIDEO CONFERENCE APPEARANCES** due to documented gephyrophobia

30. **REMOTE PARTICIPATION** in all proceedings when possible

31. **COURT-APPOINTED COUNSEL** to appear in person on Plaintiff's behalf

32. **TRANSPORTATION ASSISTANCE** if in-person appearance required

33. **REASONABLE ACCOMMODATIONS** under 42 U.S.C. § 12132

## L. MEDICAL AND PSYCHOLOGICAL SUPPORT

34. **IMMEDIATE FUNDING** for psychological evaluation and treatment

35. **MEDICAL CARE** for disability-related conditions

36. **FAMILY COUNSELING** for displaced living situation

37. **EMERGENCY MEDICAL COVERAGE** during proceedings

38. **PSYCHIATRIC EVALUATION** for trauma assessment

## M. BUSINESS RECOVERY PROVISIONS

39. **IMMEDIATE ACCESS** to $100,000 for CCS restart operations

40. **PRIORITY LIEN** on all recovered assets for business use

41. **COURT-SUPERVISED BUSINESS ACCOUNT** establishment

42. **AUTHORITY TO RE-CONTACT** all diverted clients

43. **EXPEDITED BUSINESS LICENSE** restoration

## N. FAMILY PROTECTION PROVISIONS

44. **500-FOOT RESTRAINING ORDER** around Plaintiff's current residence

45. **PROTECTION** for all four elderly disabled family members

46. **NO CONTACT** with family members, caregivers, or associates

47. **IMMEDIATE LAW ENFORCEMENT RESPONSE** for any violations

48. **ENHANCED PENALTIES** for targeting vulnerable elderly relatives

## O. INTERNATIONAL ASSET RECOVERY

49. **FREEZE ALL ASSETS** in El Salvador through Karla Vanessa Hernan

50. **SUBPOENA INTERNATIONAL** money transfer records

51. **COOPERATION** with international law enforcement

52. **RECOVERY** of all goods shipped to El Salvador for resale

53. **SEIZURE** of all international business proceeds

## P. TECHNOLOGY AND COMMUNICATION PROTECTION

54. **PROHIBITION** on monitoring Plaintiff's communications

55. **IMMEDIATE CESSATION** of court filing surveillance

56. **RESTRAINING ORDER** on all social media contact

57. **ELECTRONIC HARASSMENT** prohibition

58. **CYBER-STALKING PREVENTION** measures

## Q. COMPREHENSIVE VEHICLE SEIZURE

59. **IMMEDIATE SEIZURE** of 2015 Toyota Highlander (fraudulently titled)

60. **ANY VEHICLE** operated by Defendant Novoa after service = automatic forfeiture

61. **PROHIBITION** on Defendant Novoa operating ANY motor vehicle

62. **GPS TRACKING** on any authorized vehicle use

63. **VEHICLE IMPOUNDMENT** until asset hearing

## R. IMMEDIATE HOUSING SECURITY

64. **EMERGENCY FUNDS** for home security system installation

65. **LOCK CHANGE** authorization and funding

66. **TEMPORARY SECURITY SERVICE** if needed

67. **UTILITY TRANSFER** and restoration

68. **EMERGENCY REPAIRS** for any property damage

## S. EVIDENCE PRESERVATION

69. **IMMEDIATE FORENSIC IMAGING** of all electronic devices

70. **PRESERVATION** of all social media accounts and communications

71. **BANKING RECORD PRESERVATION** (domestic and international)

72. **VIDEO SURVEILLANCE PRESERVATION** from all locations

73. **WITNESS PROTECTION** for potential testimonies

## T. RESERVATION OF ADDITIONAL RELIEF

74. **RESERVATION OF RIGHTS** to seek additional monetary damages, punitive damages, and injunctive relief based on discovery of additional misconduct or identification of additional defendants

## U. ADDITIONAL RELIEF

75. Grant such other and further relief as this Court deems just and proper

## IX. VERIFICATION

43

I, Robert Herring, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

**ADDITIONAL VERIFICATION:** Plaintiff verifies that Defendants have demonstrated pattern of coordination, joint defense activities, and financial assistance that threatens fair proceedings and continued criminal enterprise operations, requiring Court intervention to ensure independent representation and prevent further coordination.

Executed on July 17, 2025, in Berlin, Maryland.

Robert Herring
Plaintiff, *Pro Se*

10261 Harrison Rd.

Berlin, MD 21811

443-359-1539

## X. TEMPORARY RESTRAINING ORDER REQUEST

Plaintiff respectfully moves this Court for an immediate *ex parte* temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and 18 U.S.C. § 1345, seeking the following emergency relief:

### A. IMMEDIATE PROPERTY RECOVERY

1. **ORDER DEFENDANT NOVOA TO VACATE** the marital residence at 502 Sunlight Lane, Unit 6, Berlin, MD 21811 within 24 hours of service

2. **LAW ENFORCEMENT ESCORT** if necessary to effectuate immediate eviction

3. **IMMEDIATE RETURN** of 2015 Toyota Highlander to Plaintiff within 24 hours

4. **PROHIBITION ON PROPERTY REMOVAL** from residence or vehicles without court authorization

5. **COMPLETE PROPERTY INVENTORY** of all items at marital residence

6. **IMMEDIATE OCCUPANCY RESTORATION** for Plaintiff

**B. COMPREHENSIVE ASSET PRESERVATION**

7. **FREEZE ALL BANK ACCOUNTS** and financial assets of Defendants Novoa and M&M Professional Cleaning

8. **BUSINESS ACCOUNT MONITORING** for Defendants Ryan and Tello

9. **MANDATORY FORENSIC ASSET TRACING** of all concealed or hidden assets

10. **DAILY TRANSACTION REPORTING** for any amounts over $500

11. **ASSET FORFEITURE** of any vehicles used by Defendant Novoa

12. **COMPLETE FINANCIAL DISCLOSURE** under oath within 72 hours

**C. IMMIGRATION AND FLIGHT PREVENTION**

13. **IMMEDIATE PASSPORT SURRENDER** by Defendant Novoa within 24 hours

14. **NOTIFICATION TO ICE** regarding undocumented status and flight risk

15. **GPS MONITORING** installation within 48 hours for all Defendants

16. **TRAVEL RESTRICTIONS** pending resolution of proceedings

17. **BORDER ALERT PLACEMENT** to prevent international flight

## D. PROFESSIONAL PRACTICE RESTRICTIONS

18. **IMMEDIATE CESSATION** of all legal practice by Defendants Ryan and Tello

19. **CLIENT NOTIFICATION** to all current clients regarding pending proceedings

20. **RECEIVER APPOINTMENT** for attorney trust accounts and client files

21. **PROHIBITION ON NEW CLIENT ACCEPTANCE**

22. **PROFESSIONAL LICENSE SUSPENSION** referrals

## E. BUSINESS OPERATIONS INJUNCTION

23. **COMPLETE CESSATION** of M&M Professional Cleaning operations

24. **PROHIBITION ON ANY CLEANING SERVICES** by Defendants

25. **CLIENT CONTACT PROHIBITION** for any former CCS clients

26. **EQUIPMENT AND SUPPLY SURRENDER** to appointed receiver

27. **BUSINESS LICENSE REVOCATION** referrals

## F. DEFENDANT COORDINATION PROHIBITION

28. **DEFENDANTS PROHIBITED** from communicating with each other except through Court-appointed counsel

29. **NO JOINT DEFENSE AGREEMENTS** or coordination permitted

30. **NO FINANCIAL ASSISTANCE** between defendants for legal representation

31. **DEFENDANT RYAN PROHIBITED** from funding Defendant Novoa's legal defense

32. **NO SHARED ATTORNEYS** or legal representation permitted

33. **ALL DEFENDANT COMMUNICATIONS** must be disclosed to Court

34. **VIOLATION OF COORDINATION PROHIBITION** = immediate contempt

## G. MANDATORY CLIENT NOTIFICATION

35. **COURT-ORDERED NOTIFICATION** to ALL clients of Defendant Novoa west of Chesapeake Bay (RESIDENTIAL and COMMERCIAL)

36. **COURT-ORDERED NOTIFICATION** to ALL clients of Defendant Novoa east of Chesapeake Bay (RESIDENTIAL and COMMERCIAL)

37. **NOTIFICATION** to ALL CCS clients on Delmarva Peninsula, Maryland and Delaware (RESIDENTIAL and COMMERCIAL)

38. **NOTIFICATION** to ALL M&M Professional Cleaning clients (RESIDENTIAL and COMMERCIAL)

39. **NOTICE MUST BE SENT** within 48 hours of TRO entry

40. **NOTICE CONTENT** must be Court-approved and include:

   - Fraudulent business operations disclosure

   - Unauthorized use of CCS name and reputation

   - Availability of legitimate services through CCS

   - Legal proceedings regarding business fraud

## H. PET CUSTODY AND PROTECTION

41. **EXCLUSIVE CUSTODY** of dogs "Foxy" and "Hershey" awarded to Plaintiff

42. **DEFENDANT NOVOA PROHIBITED** from any contact with or claims regarding dogs

43. **BOTH DOGS** have been in Plaintiff's exclusive possession since March 21, 2025

44. **DEFENDANT DEMONSTRATED** inadequate care and lack of dog care knowledge

45. **ANY ATTEMPT** to separate dogs or remove from Plaintiff's care constitutes contempt

## I. FAMILY PROTECTION ORDERS

46. **500-FOOT RESTRAINING ORDER** around Plaintiff's current residence

47. **PROTECTION** for all four elderly disabled family members

48. **NO CONTACT** with family members, caregivers, or associates

49. **IMMEDIATE LAW ENFORCEMENT RESPONSE** for any violations

50. **ENHANCED PENALTIES** for targeting vulnerable elderly relatives

## J. COMPREHENSIVE VEHICLE SEIZURE

51. **IMMEDIATE SEIZURE** of 2015 Toyota Highlander (fraudulently titled)

52. **ANY VEHICLE** operated by Defendant Novoa after service = automatic forfeiture

53. **PROHIBITION** on Defendant Novoa operating ANY motor vehicle

54. **GPS TRACKING** on any authorized vehicle use

55. **VEHICLE IMPOUNDMENT** until asset hearing

## K. ENFORCEMENT MECHANISMS

56. **DAILY CONTEMPT FINES** of $1,000 per day for non-compliance

57. **IMMEDIATE CONTEMPT SANCTIONS** for any violations

58. **CRIMINAL REFERRAL** for continued enterprise operations

59. **ASSET FORFEITURE ACCELERATION** for violations

## L. EMERGENCY FINANCIAL RELIEF

60. **IMMEDIATE MONETARY RELIEF** of $500,000 for:

- o   Housing restoration and security costs: $100,000

- o   Lost income replacement: $200,000

- o   Emergency living expenses: $75,000

- o   Business recovery capital: $50,000

- o   Legal and medical costs: $75,000

## M. EVIDENCE PRESERVATION

61. **COMPREHENSIVE EVIDENCE PRESERVATION** orders for all electronic and physical evidence

62. **PROHIBITION ON DOCUMENT DESTRUCTION** under penalty of contempt

63. **MANDATORY DISCLOSURE** of all enterprise-related documents and communications

64. **FORENSIC IMAGING** of all electronic devices

65. **PRESERVATION** of all social media accounts and communications

## N. COURT-SUPERVISED LEGAL REPRESENTATION

66. **REQUEST COURT APPOINTMENT** of independent counsel for each defendant to prevent coordination

67. **REQUEST COURT APPOINTMENT** of qualified counsel for Plaintiff given case complexity

68. **ALL LEGAL REPRESENTATION** subject to Court supervision to prevent law manipulation

69. **COURT OVERSIGHT** of all legal strategies to ensure compliance with federal law

70. **SPECIAL MASTER APPOINTMENT** if necessary to monitor legal conduct

## O. DISABILITY ACCOMMODATIONS

71. **VIDEO CONFERENCE APPEARANCES** due to documented gephyrophobia

72. **REMOTE PARTICIPATION** in all proceedings when possible

73. **COURT-APPOINTED COUNSEL** to appear in person on Plaintiff's behalf

74. **TRANSPORTATION ASSISTANCE** if in-person appearance required

75. **REASONABLE ACCOMMODATIONS** under 42 U.S.C. § 12132

## P. PSYCHOLOGICAL EVALUATIONS

76. **MANDATORY PSYCHOLOGICAL EVALUATIONS** by court-appointed forensic psychologists for all human Defendants

77. **ASSESSMENT OF CRIMINAL THINKING PATTERNS** and escalation behaviors

78. **RISK EVALUATION** for future criminal conduct

## Q. INTERNATIONAL ASSET RECOVERY

79. **FREEZE ALL ASSETS** in El Salvador through Karla Vanessa Hernan

80. **SUBPOENA INTERNATIONAL** money transfer records

81. **COOPERATION** with international law enforcement

82. **RECOVERY** of all goods shipped to El Salvador for resale

## R. TECHNOLOGY AND COMMUNICATION PROTECTION

83. **PROHIBITION** on monitoring Plaintiff's communications

84. **IMMEDIATE CESSATION** of court filing surveillance

85. **RESTRAINING ORDER** on all social media contact

86. **ELECTRONIC HARASSMENT** prohibition

## S. IMMEDIATE HOUSING SECURITY

87. **EMERGENCY FUNDS** for home security system installation

88. **LOCK CHANGE** authorization and funding

89. **TEMPORARY SECURITY SERVICE** if needed

90. **UTILITY TRANSFER** and restoration

## T. IMMEDIATE RELIEF JUSTIFIED

This emergency relief is necessary because:

1. **ONGOING ASSET DISSIPATION:** Defendants have systematically concealed and moved assets during litigation

2. **FLIGHT RISK:** Defendant Novoa's undocumented status creates extreme flight risk

3. **CONTINUED CRIMINAL OPERATIONS:** M&M Professional Cleaning continues operating using stolen assets

4. **IRREPARABLE HARM:** Plaintiff forced to live in squalor while defendants occupy his home

5. **COURT ORDER VIOLATIONS:** Defendants' pattern of violating court orders during litigation stay

6. **EVIDENCE DESTRUCTION:** Demonstrated pattern of destroying evidence after formal notice

7. **PROFESSIONAL MISCONDUCT:** Continuing violations of professional responsibility during active proceedings

8. **COORDINATED DEFENSE:** Risk of continued coordination between defendants without court supervision

9. **LIVING CONDITIONS:** Plaintiff sleeping in recliner in doorway, taking away family privacy in cramped conditions

10. **PROXIMITY TO HOME:** Plaintiff living in squalor only five minutes from his own home which he cannot access

11. **SCHEDULED STATE COURT HEARING:** July 24, 2025 hearing poses immediate threat to asset recovery and federal jurisdiction

12. **INTERNATIONAL SURVEILLANCE:** Real-time monitoring by international associates demonstrates ongoing enterprise coordination

## U. IMMEDIATE RELIEF STANDARD

The requested relief satisfies Fed. R. Civ. P. 65(b) requirements:

1. **IMMEDIATE AND IRREPARABLE HARM:** Ongoing displacement, asset dissipation, and flight risk

2. **LIKELIHOOD OF SUCCESS:** Strong evidence of RICO violations and professional misconduct

3. **BALANCE OF EQUITIES:** Plaintiff's fundamental rights outweigh defendants' interests

4. **PUBLIC INTEREST:** Preventing continued criminal enterprise operations serves public interest

This hearing poses an immediate and irreparable threat to Plaintiff's constitutional rights, federal claims, and requested emergency relief. Without this Court's intervention, Defendants will likely exploit the Worcester forum to continue retaliatory litigation, frustrate asset recovery, destroy

evidence, and undermine this Court's jurisdiction. Accordingly, Plaintiff respectfully moves this Court to issue an immediate *ex parte* temporary restraining order pursuant to 28 U.S.C. § 2283 and Rule 65(b), enjoining all proceedings in Worcester County Circuit Court Case No. C-23-FM-25-000104—including the scheduled July 24, 2025 hearing—until further order of this Court.

## XI. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Verified Complaint will be served upon all parties pursuant to Fed. R. Civ. P. 4 and 18 U.S.C. § 1965(b).

Robert Herring
Plaintiff, *Pro Se*
10261 Harrison Road
Berlin, Maryland 21811
robertcherring1@gmail.com

443-359-1539